4th JUDICIAL DISTRICT COURT

PARISH OF OUACHITA

STATE OF LOUISIANA

TIMOTHY P. PARKER, NUMBER: JUL 1 8 2014
INDIVIDUALLY AND ON BEHALF
OF HIS MINOR CHILDREN,
ERIN KATHERINE PARKER AND
BRETT ANTHONY PARKER

VERSUS   14-2093

CRYSTAL C. SMITH

VERATHON INC.   SECTION: _____

---

### PETITION FOR DAMAGES

---

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Timothy P. Parker, individually and on behalf of his minor children, Erin Katherine Parker and Brett Anthony Parker, who respectfully represents the following:

1.

Made Defendant herein is:

**VERATHON INC.**, a foreign corporation headquartered in the State of Washington and doing business and/or causing harm in the State of Louisiana that may be served with process via the Louisiana Long Arm Statute

2.

Plaintiff Timothy P. Parker is a competent major domiciled in Lincoln Parish, Louisiana, and the surviving husband of Sara Parker (deceased) who, individually and on behalf of his minor children, Erin Katherine Parker and Brett Anthony Parker, brings this survival and wrongful death action against Defendant, Verathon Inc. (hereafter sometimes called "Verathon").

3.

Plaintiff Timothy Parker married Sara Parker on December 8, 2001 and, at all points in time relevant hereto prior to her death, was married to and living with Sara Parker.

4.

Erin Katherine Parker was born on June 8, 2006 and is the minor daughter of the marriage between her father, Timothy Parker, and her mother, Sara Parker. Accordingly, Plaintiff Timothy Parker is the proper person to bring this cause of action on Erin Katherine Parker's behalf under Louisiana law.

CASE ASSIGNED TO:
CV. SECT. 5

1

EXHIBIT A

**5.**

Brett Anthony Parker was born on June 21, 2003 and is the minor son of the marriage between his father, Timothy Parker, and his mother, Sara Parker. Accordingly, Plaintiff Timothy Parker is the proper person to bring this cause of action on Brett Anthony Parker's behalf under Louisiana law.

**6.**

Sara Parker died on July 22, 2013 in Ouachita Parish, Louisiana and the events causing and/or contributing to her death occurred in Ouachita Parish, Louisiana.

**7.**

Venue is proper pursuant to Louisiana Code of Civil Procedure article 74.

**8.**

On or about July 15, 2013, Sara Susanne Parker presented to the emergency room at Glenwood Regional Medical Center in West Monroe, Louisiana with signs and symptoms of pneumonia.

**9.**

On July 15, 2013, Sara Parker was subsequently admitted to a regular room at Glenwood Regional Medical Center.

**10.**

Sara Parker was subsequently transferred to PICU 106 at 2023 hours on July 15, 2013 with additional orders.

**11.**

Glenwood's records reflect that at 1935 on July 16, 2013, Sara Parker became non-responsive and that a code was called.

**12.**

Dr. Melissa Traxler, an emergency room physician, responded to the code and at approximately 1935 and she and/or others made a number of unsuccessful attempts to intubate Sara Parker using a Glidescope video laryngoscope manufactured by Verathon.

**13.**

Dr. Traxler has indicated that she was able to visualize the vocal chords with the Glidescope but was unable to advance the endotracheal tube into the trachea to achieve successful intubation.

14.

Dr. Traxler's chart notes document that at 2000, after more than twenty-five minutes of unsuccessful attempts at intubation by Dr. Traxler and/or others using a Glidescope, a nurse anesthetist arrived and was able to intubate Sara Parker on the first attempt utilizing a Glidescope with a rigid stylet (whereas Dr. Traxler used a different stylet).

15.

Unfortunately, Sara Parker's oxygen saturation remained too low for an extended period of time due to the failure of Dr. Traxler and/or others to intubate her or otherwise manage her airway which caused irreversible injury.

16.

On July 22, 2013, according to the nursing flow sheets, Dr. Boykin was at Sara Parker's bedside at 1330 and determined that Sara Parker was brain dead.

17.

Sara Parker was pronounced dead on July 22, 2013 at 1722.

18.

Sara Parker died due to prolonged loss of oxygen.

19.

On February 6, 2014, Plaintiffs instituted a Medical Review Panel proceeding against Dr. Melissa Traxler, Dr. Juan Soliven, Dr. Robert Garcia, Kellie T. Wilder and Glenwood Regional Medical Center wherein the review panel is to determine whether said health care providers were negligent and breached the applicable standard of care in their treatment of Sara Parker (including but not limited to their individual and/or collective failure to intubate Sara Paker and/or properly manage her airways) and whether such negligence, fault and/or breach(es) of the standard of care caused injury and damage to Sara Parker, Timothy Parker and their children, thereby making said health care providers liable to Plaintiff under Louisiana law.

20.

Pursuant to applicable Louisiana law, in absence of waiver, Plaintiff is required to complete the aforementioned Medical Review Panel proceeding before he may institute suit against any of the health care providers named in his Medical Review Panel complaint.

21.

At the conclusion of the Medical Review Panel proceeding, the Plaintiffs anticipate that they will amend this action to name one or more of the aforementioned health care providers as defendants herein or file another action to be consolidated herewith if necessary so that the trier of fact can conclude whose actions caused or contributed to the death of Sara Parker.

22.

Verathon is a manufacturer (in fact and as defined by the Louisiana Products Liability Act) of the Glidescope(s), stylets and associated equipment and/or devices used by the aforementioned health care practitioners in their attempts to intubate Sara Parker on or about July 16, 2013.

23.

Verathon also sold Glidescope(s) and kits to Glenwood Regional Medical Center, including the equipment used on Mrs. Parker, and, at all relevant times, provided in-service training on the use of the equipment to Glenwood Regional Medical Center.

24.

Prior to July 16, 2013 and at all points in time relevant hereto, Verathon knew or should have known that attempted intubations utilizing a Glidescope with a standard malleable stylet in the manner utilized by the health care providers in this action posed an increased risk of failed intubation and consequent oxygen deprivation, hypoxia, brain death and/or death and, further, that use of a rigid stylet reduced, decreased and/or eliminated such increased risk of harm.

25.

Despite the foregoing knowledge, Verathon failed to warn and/or instruct Glidescope users of the increased risk of harm posed by using the Glidescope with a standard malleable stylet or instruct users that a rigid stylet should be used for emergent intubations and/or intubations attempted in the manner or under circumstances alleged herein.

26.

Similarly, Verathon failed to provide adequate and appropriate instructions to users as to how to use the Glidescope with a standard malleable stylet in a manner that would reduce, decrease or eliminate the risk of failed intubation under the circumstances alleged herein, in order to reduce the risks if someone chose to use the malleable stylet despite the increased difficulties it poses in successful intubation.

27.

Verathon also failed to recall standard malleable stylets that it manufactured and specified for use with its Glidescopes or issue post-sale warnings to users or potential users advising that rigid stylets should be used with Glidescopes, particularly in cases of emergent intubations.

28.

Plaintiffs request that the court and/or jury determine whether Sara Parker's injuries and death (and Plaintiffs' damages) were caused and/or contributed, either wholly or in part, by the fault or negligence of Verathon and those for whom it is responsible and/or for unreasonably dangerous defects in Glidescope(s), stylets and associated equipment used by the aforementioned health care practitioners in their attempts to intubate Sara Parker on or about July 16, 2013, including but not limited to the following non-exclusive particulars:

a) Manufacturing, marketing, selling, supplying, distributing and/or placing into the stream of commerce products that were unreasonably dangerous in their composition and/or construction due to their failure to comply with manufacturing specifications and/or otherwise containing manufacturing defects;

b) Manufacturing, marketing, selling, supplying, distributing and/or placing into the stream of commerce products that were unreasonably dangerous in their design due to the unreasonably dangerous and preventable risk of failed intubation, hypoxia, brain death and/or death when the subject products are used under the circumstances and in the manner alleged herein;

c) Failing to provide adequate and appropriate warnings and instructions concerning the use of the subject products, including but not limited to failing to warn and/or instruct of the risk of failed intubation under the circumstances alleged herein;

d) Breach of an express warranty pertaining to the subject products, including but not limited to misrepresentations concerning the safety and efficacy of the subject products; and

e) Any or all of the theories of liability set forth in the Louisiana Products Liability Act, La.R.S. 9:2800.51 *et seq.*(which are expressly incorporated by reference as if copied herein *in extenso*), and/or other applicable law.

29.

Verathon is also vicariously liable for the acts, errors, omissions, negligence and/or fault of its employees, agents and others acting on its behalf pursuant to the doctrine of *respondeat superior*.

30.

Specifically, Verathon sales representatives and/or other Verathon employees, agents and/or representatives provided training to Dr. Melissa Traxler, Glenwood Regional Medical Center and/or others which should have included the safe, proper and appropriate use of the Glidescope, associated stylets and/or other associated equipment.

31.

On information and belief, the Verathon sales representatives and/or other Verathon employees, agents and/or representatives negligently failed to warn Dr. Traxler, Glenwood Regional Medical Center and/or others that using the subject products under the circumstances and/or in the manner alleged herein posed a significant risk of failed intubation, hypoxia, brain death and death and/or instruct Dr. Traxler, Glenwood Regional Medical Center and/or others as to the safe, proper and appropriate use of such products so as to reduce, limit and/or avoid the risk of intubation, hypoxia, brain death and death under circumstances similar or identical to those alleged herein.

32.

Said Verathon sales representatives and/or other Verathon employees, agents and/or representatives provided such training within the course and scope of their employment with Verathon.

33.

Accordingly, Verathon is vicariously liable to Plaintiff for the injuries, damages and/or losses caused or contributed by the Verathon's negligent training of Dr. Traxler, Glenwood Regional Medical Center and/or others.

34.

The jury and/or court is asked to determine whether Sara Parker's condition worsened resulting in severe injury, conscious pain and suffering, physical and emotional injury, then death as a result of defects in the aforementioned products and/or the fault or negligence of Verathon or its sales representatives and/or other agents, employees and/or representatives.

35.

Timothy P. Parker, individually, and on behalf of his minor children, Erin Katherine Parker and Brett Anthony Parker, asserts this survival action against Defendant to recover all damages suffered by his late wife, Sara Parker, prior to her death, including but not limited to the following:

   a)   physical injury;
   b)   pain and suffering;
   c)   mental anguish and emotional distress;
   d)   impairment of function;
   e)   loss of enjoyment of life;
   f)   medical expenses;
   g)   disfigurement;
   h)   loss of wages; and
   i)   loss of a chance of a better outcome or survival

all in amounts as are reasonable in the premises, together with legal interest from the date of filing of this Petition for Damages until paid, plus all costs of these proceedings, for all such injuries and/or damages suffered by Sara Parker prior to her death.

36.

Erin Katherine Parker and Brett Anthony Parker are the surviving minor children of Sara Parker and were born by the marriage of Sara Parker and Timothy Parker and had a close and loving relationship with their mother. Accordingly, Timothy Parker asserts on their behalf a claim for loss of consortium, services, society and support and mental anguish, as Erin Katherine Parker and Brett Anthony Parker are entitled to all damages recoverable under Louisiana Civil Code 2315 and/or otherwise allowed by law for all such injuries and/or damages that they suffered prior to the death of their mother, Sara Parker, all in amounts as are reasonable in the premises, together with legal interest from the date of filing of this Petition for Damages until paid, plus all costs of these proceedings.

37.

At all times prior to Sara Parker's death, plaintiff, Timothy P. Parker, loved and was devoted to his wife and shared a very close relationship with her. Accordingly, plaintiff asserts his own claim for loss of consortium, services, support and society, and mental anguish as he is

7

entitled to all damages recoverable under Louisiana Civil Code 2315 and/or otherwise allowed by law for all such injuries and/or damages that he suffered prior to the death of his wife, Sara Parker, all in amounts as are reasonable in the premises, together with legal interest from the date of filing of this Petition for Damages until paid, plus all costs of these proceedings.

38.

Plaintiff, Timothy P. Parker, individually and on behalf of his minor children, Erin Katherine Parker and Brett Anthony Parker, is entitled to and does assert this action to recover all of the damages allowed by law to each plaintiff (Timothy Parker, Erin Katherine Parker and Brett Anthony Parker) for the wrongful death of his wife and their mother, Sara Parker, which are reasonable in the premises, including but not limited to:

a) loss of love and affection, companionship, and society;
b) grief, mental anguish and suffering;
c) funeral and burial expenses;
d) loss of support and services; and
e) medical expenses

all in amounts found to be reasonable in the premises, together with legal interest from the date of the filing of this Petition for Damages, all costs of the proceeding and any other relief allowed by law.

39.

In addition or in the alternative, Plaintiff asserts a claim, individually and on behalf of the minor children and his deceased wife, for Sara Parker's loss of a chance of survival and/or loss of a chance of a better recovery and is entitled to damages to compensate plaintiff for such loss of a chance as allowed by Louisiana law, all in amounts as are reasonable in the premises, together with legal interest from the date of filing of this Petition for Damages until paid, plus all costs of these proceedings.

40.

Plaintiff requests a jury trial on all issues so triable.

**WHEREFORE**, Plaintiff, Timothy P. Parker, individually and on behalf of his minor children, Erin Katherine Parker and Brett Anthony Parker, prays that Defendant, Verathon Inc., be duly cited, served and ordered to appear and answer this Petition for Damages, and after due proceedings had, there be judgment in favor of Plaintiff and against Defendant, in an amount

reasonably calculated to adequately compensate Plaintiff for the injuries and damages sustained by him, his minor children and his late wife, Sara Parker, on the grounds alleged herein, together with legal interest from the date of the filing of this Petition until paid in full, for all costs of these proceedings and all other equitable relief allowed by law, including legal interest from the date of the filing of this Petition for Damages until paid, plus all costs of this proceeding.

BY ATTORNEYS:

MOORE, THOMPSON & LEE, APLC

_____
Steve C. Thompson, Bar Roll No. 14469
James d'Entremont, Bar Roll No. 25635
Stephanie E. Robin, Bar Roll No. 33340
6513 Perkins Road
Baton Rouge, LA 70808
Phone: (225) 766-1100

**ATTORNEYS FOR PLAINTIFF**

(SERVICE TO BE EFFECTED BY PLAINTIFF
PURSUANT TO THE LOUISIANA LONG ARM STATUTE)



9

## LONG-ARM CITATION

D3370491
CTF

**TIMOTHY PARKER OBO**

VS

**VERATHON, INC.**

DOCKET NUMBER: C-20142093
SEC: C5
STATE OF LOUISIANA
PARISH OF OUACHITA
FOURTH JUDICIAL DISTRICT COURT

TO:   VERATHON, INC.

### YOU HAVE BEEN SUED.

Attached to this Citation is a certified copy of the Petition. The petition tells you what you are being sued for. You must EITHER do what the petition asks, OR, within THIRTY (30) days after the filing in the record of the affidavit of the individual who either mailed or actually delivered the process to you, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Ouachita Parish Courthouse, 301 South Grand, Monroe, Louisiana. If you do not do what the petition asks, of if you do not file an answer or other legal pleading within the delays allowed by law, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Ouachita Parish this JULY 22, 2014.

OUACHITA PARISH CLERK OF COURT

Also attached are the following:
PETITION FOR DAMAGES

CONSTANCE T. FOY

By: _____
Deputy Clerk

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MAILED a certified copy of this Citation on this the JULY 22, 2014, for mailing to VERATHON, INC..

TO:   JAMES d' ENTREMONT # 25635
      6513 PERKINS ROAD
      BATON ROUGE, LA 70808

CONSTANCE T. FOY

_____
Deputy Clerk

__✓__ **ORIGINAL -- TO BE FILED IN RECORD**

_____ **SERVICE COPY**

CERTIFIED
TRUE COPY
JUL 22 2014
DEPUTY CLERK
4TH JUDICIAL DISTRICT COURT
OUACHITA PARISH, LA

| | | |
|---|---|---|
| TIMOTHY P. PARKER, INDIVIDUALLY AND ON BEHALF OF HIS MINOR CHILDREN, ERIN KATHERINE PARKER AND BRETT ANTHONY PARKER | * | NUMBER 14-2093 SECTION "5" |
| | * | 4th JUDICIAL DISTRICT COURT |
| VERSUS | * | PARISH OF OUACHITA |
| VERATHON, INC. | * | STATE OF LOUISIANA |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REQUEST FOR NOTICE OF TRIAL DATE, ETC.

To the Clerk of the 4th Judicial District Court, within and for the Parish of Ouachita, State of Louisiana:

PLEASE TAKE NOTICE that John P. Wolff, III of the law firm of KEOGH, COX & WILSON, LTD., does hereby request written notice of the date of the trial of the above matter as well as notice of hearings (whether on merits or otherwise), orders, judgments and interlocutory decrees, and any and all formal steps taken by the parties herein, the Judge or any member of the Court, as provided in Louisiana Code of Civil Procedure, particularly Article 1572, 1913 and 1914.

RESPECTFULLY SUBMITTED,

BY: _/s/ John P. Wolff/_
JOHN P. WOLFF, III, Bar #14504
KEOGH, COX & WILSON, LTD.
701 Main Street
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: 225.383.3796
Facsimile: 225.343.9612
Email: jwolff@kcwlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.
Baton Rouge, Louisiana, this 24th day of September, 2014.

_/s/ John P. Wolff/_
JOHN P. WOLFF, III